# EXHIBIT A

01429488-1

FILED Received for Filing Oakland County Clerk 11/18/2022 11:10 AM

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

KALO FAMILY INVESTMENT CO. IV, L.L.C.,
a Michigan limited liability company,

                Plaintiff,

-vs-

CHARTER TOWNSHIP OF WEST BLOOMFIELD,
a Michigan charter township, WEST BLOOMFIELD
ENVIRONMENTAL COMMISSION, an agency of the
Charter Township of West Bloomfield, and JOHN RODA

                Defendants.

2022-197350-CE

JUDGE NANCI J. GRANT

CASE NO. _____CE

HONORABLE _____

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

SWISTAK LEVINE PC
Lawrence P. Swistak (P24892)
Daniel Landman (P35797)
Corey Grandmaison (P64392)
Attorneys for Plaintiff
30833 Northwestern Highway, Suite 120
Farmington Hills, Michigan 48334
248-851-8000
lswistak@swistaklevine.com

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.*

## COMPLAINT

NOW COMES, Plaintiff, KALO FAMILY INVESTMENT CO., L.L.C. (*"Kalo"*) by, its attorneys, Swistak Levine, PC, and for its Complaint against the Township of West Bloomfield (the *"Township"*), West Bloomfield Environmental Commission (the *"Commission"* and, together with the Township of West Bloomfield, the *"Township Defendants"*) and JOHN RODA (*"Roda"*), represents as follows:

## INTRODUCTION

1. Kalo brings this action seeking mandatory injunctive relief compelling Township Defendants to consider Kalo's application for an after-the-fact application for a permit for a wetland/environmental feature setback permit (the *"Kalo Application"*), and to compel the Township to issue the requested permit, as well as seeking monetary damages arising from the Township Defendants' malfeasance and/or misfeasance with respect to the Kalo Application.

2. Kalo is compelled to bring this action after the Township Defendants declined to consider the Kalo Application at a meeting of the Commission unless Kalo amended the Kalo Application to address other matters not before the Commission and for which Kalo has not been cited by the Township Defendants. Kalo asserts that the absence of a citation citing any violation of the Township's zoning ordinance other than the violation addressed in Kalo's applications, precludes the Commission's review and consideration of collateral matters occurring more than twenty years ago.

3. The refusal of the Commission to consider the Kalo Application as submitted deprives Kalo of the opportunity to secure the requisite after-the-fact permit for a wetland/environmental feature setback required by the Township's ordinance and for which the Township issued a civil infraction to Kalo.

4. The refusal of the Commission to consider Kalo's Application unless amended to include other collateral matters not the subject of the Civil Infraction and were fully resolved more than twenty years ago is plainly arbitrary and capricious.

5. Accordingly, it is necessary and appropriate to compel the Township Defendants to permit Kalo to proceed with its applications.

## PARTIES, JURISDICTION AND VENUE

6. Kalo is a Michigan limited liability company (*"Plaintiff"*) organized and existing under the laws of the State of Michigan. Kalo maintains its principal office in West Bloomfield Township, Oakland County, Michigan, and transacts business in Oakland County, Michigan.

7. Upon information and belief, the Township is a Michigan charter township, maintaining its principal place of business in West Bloomfield, Oakland County, Michigan.

8. Upon information and belief, the Commission is a duly constituted appointive body of the Township with its offices in West Bloomfield, Oakland County, Michigan. One of the duties with which the Commission is charged is the enforcement of the Township's wetland ordinance.

9. Upon information and belief, Defendant, John Roda, is a resident of Oakland County, Michigan and is employed by the Township.

10. The amount in controversy exceeds $25,000.00, exclusive of costs and interest.

11. This Court has jurisdiction of this action pursuant to MCL 600.601, MCL 600.605, and Michigan Constitution 1963, Article 6, Section 13.

12. Venue is proper in this Court pursuant to MCL 600.1605 as the real property which is the subject of this action is located in West Bloomfield, Oakland County, Michigan.

## BACKGROUND FACTS

13. Kalo is the owner of a single-family residence commonly known as 5295 Middlebelt, West Bloomfield, Oakland County, Michigan (the *"Kalo Residence"*).

14. In 2002, Kalo, pursuant to a written agreement with the Township Defendants, remediated a wetland intrusion by substantial plantings of native wetland vegetation in the area of the wetland setback at the Kalo Residence (the *"Initial Remediation"*).

15. Shortly after completing the Initial Remediation, the wetland vegetation planted by Kalo began dying due to changing water levels of Walnut Lake to the extent that only minimal vegetation exists today.

16. On or about April 18, 2021, Kalo retained Rhino Construction Company to remove a dock from Walnut Lake situated on the shoreline of Walnut Lake. The dock had sunk into the area of the shoreline and was unusable and unsightly.

17. On April 18, 2021, Rhino Construction Company attempted to extract the dock using only "manpower;" however it was unable to remove the dock.

18. On April 18, 2021, Rhino Construction Company had a "front loader" delivered to the Kalo Residence to remove the dock; however, the front loader was unable to remove the dock and, in its attempts to do so, sunk into the soft soil at the lakeside, creating large ruts. The front loader was unable to move in any direction. See statement of Ed Kind of Rhino Construction Company attached as **Exhibit A**.

19. In order to extricate the front loader from the Kalo Residence, on April 18, 2021, Rhino Construction Company hired a towing service to remove the front loader. Although the tow truck was able to remove the front loader, in doing so it significantly increased both the number and depth of the ruts in the lakeside soil (collectively, the *"Wetland Damage"*). See **Exhibit A**.

20. After the front loader was removed from the lakeshore, Rhino Construction Company spread three yards of topsoil into the ruts at the Kalo Residence, retrieved the remnants of the grass previously growing in the area and placed them on top of the filled ruts (collectively, the *"Kalo Remediation"*) .

21. On May 17, 2021, a Stop Work Order was posted on the Kalo Residence by the Township Defendants. A copy of the Stop Work Order is attached as **Exhibit B**.

22. On May 18, 2021, Kalo filed an application with the Commission requesting issuance of an after-the-fact permit to remediate the Wetland Damage and paid the filing fee. The application was accepted by the Township Defendants and Kalo's check in the amount of the filing fees was deposited. A copy of this application is attached as **Exhibit C**.

23. On May 27, 2021, Kalo filed an amended application with Commission requesting issuance of an after-the-fact permit to remediate the Wetland Damage.

24. On May 27, 2021, despite Kalo's timely filing of the amended application requesting issuance of an after-the-fact permit and payment of all application fees to the Township, the Township Defendants issued civil infractions to Kalo. The citations for these infractions (jointly, the *"Citations"*) were solely based upon Kalo's

violation of the Township's wetland setback ordinance and Kalo's failure to obtain a permit for the Kalo Remediation in the area of an environmental setback in violation of Section 26-5.4(3) of the Township Zoning Ordinance.

25.    Prior to issuance of the Citation, Kalo was not advised of any deficiencies in its application nor given an opportunity to revise the application.

26.    On February 8, 2022, a settlement was reached with the Township regarding the Citation. The settlement agreement required Kalo to apply for the wetland determination evaluation and an after-the-fact wetland/environmental feature setback permit. Additionally, Kalo agreed to admit responsibility for six counts of double parking and pay a fine of $1050.00 . The Citation regarding the alleged wetland violation was dismissed.

27.    Kalo retained the services of a wetland-environmental expert to prepare and submit the applications required pursuant to the settlement agreement.

28.    On August 25, 2022, revised applications were submitted by Woody L. Held, environmental expert, on behalf of Kalo.

29.    On October 12, 2022, a hearing was held before the Commission to consider the applications submitted by Kalo.

30.    The Commission declined to consider the applications on the basis that it did not address other alleged violations, none of which were referenced in the Citation, which violations, based upon statements made to the Commission by John Roda, environmental manager of the Township (*"Roda"*), relate back to violations allegedly occurring in 2001 and 2002 (collectively, the *"Historical Violations"*). The Historical Violations were addressed by Kalo in 2002 and the remedial actions taken by Kalo were inspected by the Township and approved.

31.    Instead of considering Kalo's applications before it, the Commission adjourned the hearing, requiring Kalo to file amended applications addressing the Historical Violations even though Kalo has not been

cited for the Historical Violations and the Township Defendants previously approved Kalo's remediation measures as to these violations.

32. Kalo has listed the Kalo Residence for sale but has been unable to sell the property due to the pendency of matters before the Commission.

COUNT I—DECLARATORY JUDGMENT (Township Defendants)

33. Kalo incorporates by reference all of the preceding paragraphs as though set forth verbatim herein.

34. The Citations reference violations of the Township's wetland ordinance, *i.e.,* intrusion to wetland setback and failing to obtain a permit prior to commencing the Kalo Remediation. These are the sole violations of the Township's ordinance for which Kalo was cited.

35. Upon information and belief, Roda's insistence at the hearing before the Commission was motivated primarily by his personal animus for Kalo. For example, Roda referenced the existence of an underground sprinkler line in the wetland setback area insisting it must be removed even though the existence of this line predated Kalo's ownership of the subject property. See Statement of Mark Conley attached as **Exhibit D**. Roda also insisted that all native wetland vegetation comprising the Initial Remediation be once again planted by Kalo as part of the present application for an after-the-fact permit even though the death of this vegetation was caused by the natural changing of the water levels of Walnut Lake and an abundance of deer which grazed in the wetland area and consumed the vegetation growing therein.

36. Over the years, Township officials, including, but not limited to, Roda, Ann Vaara, and a gentleman whose last name is Marshall, among others, periodically inspected the Kalo's Residence, specifically the wetland area. No citations were issued during this period despite the fact that the area was undergoing significant natural changes beyond Kalo's control.

37. It is not within the Township's power to compel modifications to an application for an after-the-fact permit for which Kalo has not been cited. Nevertheless, at Mr. Roda's urging, the Commission failed and

refused to consider Kalo's applications, despite Kalo having paid the requisite filing fee for such consideration, retaining an expert to prepare a remediation plan, and submitting the plan in conjunction with Kalo's application.

38.     The Township Defendants' insistence that alleged Historical Violations of the Township's wetland ordinance be addressed by Kalo in its application for an after-the-fact permit is time barred and the Historical Violations were not included in the Township's citation to Kalo.   Governmental action seeking restoration of a wetland comes within the meaning of a personal action as defined in MCL 600.5813.  Accordingly, given the absence of a statute of limitations applicable to enforcement of  the subject ordinance, a six-year limitation applies to the actions of the Township Defendants. *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 23; 896 NW2d 39 (2016); *Attorney Gen v Harkins*, 257 Mich App 564, 569; 669 NW2d 296 (2003).

39.     Any attempt by Kalo to administratively pursue its application for an after-the-fact permit with the Township will be futile because of the Township Defendants insistence that the Historical Violations be addressed by Kalo in its application.  There is no adequate administrative remedy to protect Kalo against the Commission's unlawful actions.  Kalo is powerless to compel the Commission to restrict consideration of its after-the-fact application solely to the Citations.  Further, one of the specific remedies Kalo seeks, restriction of his application to the Citations is clearly not one that the Commission will grant.  Further, the Township's administrative process cannot provide Kalo money damages sustained by Kalo by reason of the Commission's refusal to consider Kalo's application.

40.     The Commission's refusal to consider Kalo's application and proposed remediation plan is arbitrary and capricious and does not advance the public good as Kalo is ready, willing, and able to proceed to completion with a remediation plan for the Kalo Residence.

41.     Accordingly, the Commission's refusal to consider Kalo's applications and its demand that the applications must address the alleged Historical Violations deprives Kalo of its procedural due process right under the 14th Amendment of the United Stated Constitution and the equivalent provisions of the Michigan Constitution.

42. Kalo has no adequate remedy at law.

43. An actual justiciable controversy, within the jurisdiction of this Court, exists between Kalo and the Township Defendants as to the validity of the Commission's actions regarding Kalo's applications. Resolution of matters raised in this action will dispose of all issues between the parties. This controversy is of sufficient immediacy and consequence to the parties to warrant this Court's issuance of a declaratory judgment determining the efficacy of the actions of the Township Defendants regarding Kalo's applications. An action for declaratory relief is appropriate to review the actions of the Township Defendants.

44. In the absence of this Court's declaration of the respective rights of Kalo and the Township Defendants, the actions of the Township Defendants will continue to jeopardize Kalo.

WHEREFORE, Kalo respectfully requests that this Honorable Court grant judgment in its favor and against the Township Defendants as follows:

(a) Declare the refusal to consider the applications as submitted by Kalo is (i) unconstitutional, and therefore invalid and of no force and effect, and (ii) arbitrary and capricious;

(b) Grant such other relief as this court deems just and proper; and

(c) Award Kalo its attorneys' fees and costs of suit.

COUNT II—MONETARY DAMAGES AND INJUNCTIVE RELIEF (Township Defendants)

45. Kalo incorporates by reference all of the preceding paragraphs as though set forth verbatim herein.

46. The Township Defendants have failed and refused to consider, in good faith, Kalo's applications for an after-the-fact permit and wetland delineation despite the fact that they fully address the sole violation alleged in the Citation and otherwise in conformance with applicable laws and ordinances.

47. As a result of the Township Defendants' failure and refusal to consider Kalo's applications, Kalo has suffered extensive damages, including, but not limited to, the inability to sell the Kalo Residence which has depreciated in value during the period Kalo's applications have been pending before the Township Defendants.

48. Equity and justice demand that an injunction and/or a writ of mandamus issue compelling the Township Defendants to review Kalo's applications solely on the basis of the single violation alleged in the Citation.

49. The Township Defendants should be estopped and restrained from requiring Kalo to address alleged violations not set forth in the Citation, including, but not limited to, the Historical Violations.

WHEREFORE, Kalo respectfully requests that this Honorable Court grant judgment in its favor and against the Township Defendants as follows:

(a) Enter an Order approving Kalo's applications;

(b) Alternatively, enter an Order/Writ of Mandamus remanding this matter to the Commission for consideration of Kalo's applications consistent with the Citation and applicable ordinances, limiting the Commission's consideration to the single violation set forth in the Citation and enjoining them from applying its ordinances in manner that violates Kalo's constitutional rights;

(c) Award compensatory damages in favor of Kalo and against the Township Defendants, jointly and severally, in excess of $25,000.00 as this Court deems just;

(d) Grant such other relief as this Honorable Court deems just and equitable.

## Count III--TORTIOUS INTERFERENCE (Roda Only)

50. Kalo restates all of the preceding paragraphs as though set forth verbatim herein.

51. Kalo has had the Kalo Residence listed for sale since the spring of 2021.

52. Upon information and belief, Roda was aware that the Kalo Residence was for sale and that a sale could not be consummated while the subject alleged violations are pending.

53. Roda, by insisting to the Commission that the Historical Violations be re-examined by the Commission contemporaneously with Kalo's applications even though Kalo had not been cited for these alleged violations, has taken purposeful action solely intended to influence the Commission's deliberations and harm Kalo by depriving Kalo of the ability to sell the Kalo Residence.

54. As a direct result of Roda's statements to the Commission, the Commission's deliberative process was not impartial.

55. There is no legitimate justification for Roda's actions, which actions have substantially interfered with Kalo's property rights, as the only violation before the Commission was the violation set forth in the Citation.

56. As a result of Roda's intentional actions, Kalo has suffered substantial damages, including, but not limited to, the loss of the ability to sell the Kalo Residence.

**WHEREFORE,** Kalo respectfully requests that this Honorable Court grant judgment in its favor and against Roda as follows:

(a) Award compensatory damages in favor of Kalo and against Road, in excess of $25,000.00 as this Court deems just; and

(b) Grant such other relief as this Honorable Court deems just and equitable.

SWISTAK LEVINE PC

/s/Lawrence P. Swistak (P24892)
Swistak Levine PC
Attorneys for Plaintiff
30833 Northwestern Highway, Suite 120
Dated: November 18, 2022                          Farmington Hills, MI 48334

-10-

STATE OF MICHIGAN

ENVIRONMENTAL COMMISION MEETING WEST BLOOMFIELD TOWNSHIP

<u>STATEMENT OF ED KIND</u>

Ed Kind states as follows:

1. I am the owner of Rhino Construction Company (*"Rhino"*). Rhino is engaged in the business of maintaining property exteriors including performing landscaping and similar services for homeowners.

2. Rhino provided maintenance services to the residence of Dr. Jacob Kalo, commonly known as 5295 Middlebelt Road, West Bloomfield, Michigan and has provided such services to him for more than twenty years.    The services included repair and maintenance of shrubbery, underground irrigation system, lawn, trees, landscape lighting and retention walls.

3. On April 18, 2021, Dr. Kalo contracted with me to remove sections of a dilapidated and unusable dock from Walnut Lake.

4. Four employees of Rhino were unable to manually extract the dock from Walnut Lake.

5. I attempted to remove the dock using a small light loader; however, although the ground was still frozen, the loader became mired in the lawn, could not remove the dock and was unable to move.

6. In order to remove the loader, I hired a towing service to extract the loader from the shoreline.   A copy of the receipt evidencing my payment for the towing services is attached.

7. Although the tow truck attempted to remove the loader without disturbing the shoreline, given the weight of the vehicles and the resistance of the loader, the tow truck caused significant depressions in the soil. This was the only damage to Dr. Kalo's property.

8. After the loader was removed, I repaired all trenches by filling the depressions with approximately three yards of topsoil and replanting the torn lawn on top of the soil.  No other remediation to Dr. Kalo's property was performed.



PLAINTIFF'S EXHIBIT
A

9.   No vegetation, cattails, or landscape improvements were damaged as a result of the activities that took place on April 18, 2021..

I declare under the penalties of perjury that this statement has been examined by me and that

its contents are true to the best of my information, knowledge, and belief.

Ed Kind

# PENALTY FOR REMOVAL OF THIS NOTICE

5295 MIDDLEBELT AND/OR (#18-24-351-036

#18-24-351-037

# STOP WORK



PLAINTIFF'S
EXHIBIT
B

## TO WHOM IT MAY CONCERN:

You are required to comply with the following:

☑ Chapter 8, Article XIII Grading and Drainage
☑ Chapter 8, Article XV Soil Erosion and Sedimentation Control (SESC)
☑ Chapter 12, Floodplain, Floodway, Watercourse and Wetland Protection
☐ Chapter 24, Water Supply and Sewage Disposal Systems
☐ Chapter 26, Section 3.1.21, Woodland Conservation Overlay District
☑ Chapter 26, Section 5.4, Environmental Features Setback (EFS)

of West Bloomfield Township, Oakland County, Michigan. Failure to do so will result in immediate prosecution. For further details, contact West Bloomfield Township Hall at (248) 451-4818.

Remarks UNAUTHORIZED WORK ACTIVITIES WITH A REQUIRED 25-FOOT ENVIRONMENTAL FEATURES SETBACK TO WETLAND AND WETLAND WITHOUT THE BENEFIT OF OBTAINING PROPER PERMITS. MUST APPLY FOR AN AFTER-THE-FACT WETLAND/EFS PERMIT THAT WILL EVENTUALLY ALSO REQUIRE A GRADING/SESC PERMIT.

Inspector: J. 7.0 A                     Date: 5/17/21

Engineering, Environmental, Planning & Zoning Services

**PLANNING & DEVELOPMENT SERVICES**
4550 Walnut Lake Road
West Bloomfield, MI 48323
P. (248) 451-4818
F. (248) 451-4871
wbtownship.org

RECEIVED
MAY 1 8 2021
WEST BLOOMFIELD TOWNSHIP
ENVIRONMENTAL DEPARTMENT

RECEIVED
MAY 2 7 2021

**WETLAND PERMIT APPLICATION**
Application must be filled out completely and submitted
with a printed copy of an EGLE MiWaters Application

Project No. _____

### APPLICANT INFORMATION WEST BLOOMFIELD TOWNSHIP ENVIRONMENTAL DEPARTMENT

Name: JACOB KALO
Phone: 248-762-2772
Address: 5295 Middlebelt Road
Email: EKALO@AOL.COM
City: West Bloomfield
State: Mi
Zip Code: 48323
Cost Estimate:

### PROPERTY OWNER INFORMATION (IF DIFFERENT FROM APPLICANT)

Name: KALO Family Investment Co. IV LLC
Phone: 248-762-2772
Address: 5295 Middlebelt Rd.
Email: EKALO@AOL.COM
City: West Bloomfield Mi
State: Mi
Zip Code: 48323

### PROPERTY INFORMATION

Street Address: 5295 Middlebelt Rd. W.B. Mi 48323
Subdivision and Lot:
Parcel ID #: 18-24-351-037

### DESCRIPTION OF WORK

Describe the work to be or already performed (add fill, excavate, etc.)
Maintain and Repair a Lawn in Existence over 8 decades

Purpose of work (construct residence, protect shoreline, sand beach, etc.)
Protect my Property Line that being envaded by invasic vegetation

Amount and type of material to be or already deposited of removed, Including structures
10 Yard of top soil (only partial amount used) + Sod

Has any work been done within wetland prior to application? ☐ Yes ☐ No

Have any previous Environmental Commission applications been submitted to the township for this property?
☐ Yes (When:_____ Case #:_____)  ☒ No

Applicant agrees to the following conditions:

☒ Agree to all Permit Terms and Conditions (see back of application)    ☐ Agree to sign being posted on property

☐ Agree to Recording of Preservation Notice    ☐ Plot Plan/Site Plan

☒ Copy of Contract or Cost Estimate

### SIGNATURE

I hereby certify, under the penalties of perjury, that the statements contained in this application are true, to the best of my knowledge.

Date: 05/18/2021
Signature of Applicant: Kalo M.D

Date: 05/18/2021
Signature of Property Owner: Kalo M.D

**THIS IS NOT A PERMIT- VIOLATORS ARE SUBJECT TO CRIMINAL PENALITIES**

Application Wetland Permit Revised 12/2020

PLAINTIFF'S EXHIBIT C

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

KALO FAMILY INVESTMENT CO. IV, L.L.C.,
a Michigan limited liability company,

           Plaintiff,

-vs-

CHARTER TOWNSHIP OF WEST BLOOMFIELD,
a Michigan charter township, **WEST BLOOMFIELD
ENVIRONMENTAL COMMISSION**, an agency of the
Charter Township of West Bloomfield, and **JOHN RODA**

           Defendants.

2022-197350-CE

JUDGE NANCI J. GRANT

CASE NO. _____CE

HONORABLE _____

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

SWISTAK LEVINE PC
Lawrence P. Swistak (P24892)
Daniel Landman (P35797)
Corey Grandmaison (P64392)
Attorneys for Plaintiff
30833 Northwestern Highway, Suite 120
Farmington Hills, Michigan 48334
248-851-8000
lswistak@swistaklevine.com

*There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in this Complaint.*

**COMPLAINT**

**NOW COMES**, Plaintiff, KALO FAMILY INVESTMENT CO., L.L.C. (*"Kalo"*) by, its attorneys, Swistak Levine, PC, and for its Complaint against the Township of West Bloomfield (the *"Township"*), West Bloomfield Environmental Commission (the *"Commission"* and, together with the Township of West Bloomfield, the *"Township Defendants"*) and JOHN RODA (*"Roda"*), represents as follows:

## INTRODUCTION

1.     Kalo brings this action seeking mandatory injunctive relief compelling Township Defendants to consider Kalo's application for an after-the-fact application for a permit for a wetland/environmental feature setback permit (the *"Kalo Application"*), and to compel the Township to issue the requested permit, as well as seeking monetary damages arising from the Township Defendants' malfeasance and/or misfeasance with respect to the Kalo Application.

2.     Kalo is compelled to bring this action after the Township Defendants declined to consider the Kalo Application at a meeting of the Commission unless Kalo amended the Kalo Application to address other matters not before the Commission and for which Kalo has not been cited by the Township Defendants.  Kalo asserts that the absence of a citation citing any violation of the Township's zoning ordinance other than the violation addressed in Kalo's applications, precludes the Commission's review and consideration of collateral matters occurring more than twenty years ago.

3.     The refusal of the Commission to consider the Kalo Application as submitted deprives Kalo of the opportunity to secure the requisite after-the-fact permit for a wetland/environmental feature setback required by the Township's ordinance and for which the Township issued a civil infraction to Kalo.

4.     The refusal of the Commission to consider Kalo's Application unless amended to include other collateral matters not the subject of the Civil Infraction and were fully resolved more than twenty years ago is plainly arbitrary and capricious.

5.     Accordingly, it is necessary and appropriate to compel the Township Defendants to permit Kalo to proceed with its applications.

## PARTIES, JURISDICTION AND VENUE

6.     Kalo is a Michigan limited liability company (*"Plaintiff"*) organized and existing under the laws of the State of Michigan.  Kalo maintains its principal office in West Bloomfield Township, Oakland County, Michigan, and transacts business in Oakland County, Michigan.

-2-

7.     Upon information and belief, the Township is a Michigan charter township, maintaining its principal place of business in West Bloomfield, Oakland County, Michigan.

8.     Upon information and belief, the Commission is a duly constituted appointive body of the Township with its offices in West Bloomfield, Oakland County, Michigan.  One of the duties with which the Commission is charged is the enforcement of the Township's wetland ordinance.

9.     Upon information and belief, Defendant, John Roda, is a resident of Oakland County, Michigan and is employed by the Township.

10.     The amount in controversy exceeds $25,000.00, exclusive of costs and interest.

11.     This Court has jurisdiction of this action pursuant to MCL 600.601, MCL 600.605, and Michigan Constitution 1963, Article 6, Section 13.

12.     Venue is proper in this Court pursuant to MCL 600.1605 as the real property which is the subject of this action is located in West Bloomfield, Oakland County, Michigan.

## BACKGROUND FACTS

13.     Kalo is the owner of a single-family residence commonly known as 5295 Middlebelt, West Bloomfield, Oakland County, Michigan (the *"Kalo Residence"*).

14.     In 2002, Kalo, pursuant to a written agreement with the Township Defendants, remediated a wetland intrusion by substantial plantings of native wetland vegetation in the area of the wetland setback at the Kalo Residence (the *"Initial Remediation"*).

15.     Shortly after completing the Initial Remediation, the wetland vegetation planted by Kalo began dying due to changing water levels of Walnut Lake to the extent that only minimal vegetation exists today.

16.     On or about April 18, 2021, Kalo retained Rhino Construction Company to remove a dock from Walnut Lake situated on the shoreline of Walnut Lake.  The dock had sunk into the area of the shoreline and was unusable and unsightly.

17.  On April 18, 2021, Rhino Construction Company attempted to extract the dock using only "manpower;" however it was unable to remove the dock.

18.  On April 18, 2021, Rhino Construction Company had a "front loader" delivered to the Kalo Residence to remove the dock; however, the front loader was unable to remove the dock and, in its attempts to do so, sunk into the soft soil at the lakeside, creating large ruts.  The front loader was unable to move in any direction. See statement of Ed Kind of Rhino Construction Company attached as **Exhibit A**.

19.  In order to extricate the front loader from the Kalo Residence, on April 18, 2021, Rhino Construction Company hired a towing service to remove the front loader.  Although the tow truck was able to remove the front loader, in doing so it significantly increased both the number and depth of the ruts in the lakeside soil (collectively, the *"Wetland Damage"*).  See **Exhibit A**.

20.  After the front loader was removed from the lakeshore, Rhino Construction Company spread three yards of topsoil into the ruts at the Kalo Residence, retrieved the remnants of the grass previously growing in the area and placed them on top of the filled ruts (collectively, the *"Kalo Remediation"*) .

21.  On May 17, 2021, a Stop Work Order was posted on the Kalo Residence by the Township Defendants.  A copy of the Stop Work Order is attached as **Exhibit B**.

22.  On May 18, 2021, Kalo filed an application with the Commission requesting issuance of an after-the-fact permit to remediate the Wetland Damage and paid the filing fee.  The application was accepted by the Township Defendants and Kalo's check in the amount of the filing fees was deposited.  A copy of this application is attached as **Exhibit C**.

23.  On May 27, 2021, Kalo filed an amended application with Commission requesting issuance of an after-the-fact permit to remediate the Wetland Damage.

24.  On May 27, 2021, despite Kalo's timely filing of the amended application requesting issuance of an after-the-fact permit and payment of all application fees to the Township, the Township Defendants issued civil infractions to Kalo.  The citations for these infractions (jointly, the *"Citations"*) were solely based upon Kalo's

-4-

violation of the Township's wetland setback ordinance and Kalo's failure to obtain a permit for the Kalo Remediation in the area of an environmental setback in violation of Section 26-5.4(3) of the Township Zoning Ordinance.

25.     Prior to issuance of the Citation, Kalo was not advised of any deficiencies in its application nor given an opportunity to revise the application.

26.     On February 8, 2022, a settlement was reached with the Township regarding the Citation. The settlement agreement required Kalo to apply for the wetland determination evaluation and an after-the-fact wetland/environmental feature setback permit. Additionally, Kalo agreed to admit responsibility for six counts of double parking and pay a fine of $1050.00 . The Citation regarding the alleged wetland violation was dismissed.

27.     Kalo retained the services of a wetland-environmental expert to prepare and submit the applications required pursuant to the settlement agreement.

28.     On August 25, 2022, revised applications were submitted by Woody L. Held, environmental expert, on behalf of Kalo.

29.     On October 12, 2022, a hearing was held before the Commission to consider the applications submitted by Kalo.

30.     The Commission declined to consider the applications on the basis that it did not address other alleged violations, none of which were referenced in the Citation, which violations, based upon statements made to the Commission by John Roda, environmental manager of the Township ("*Roda*"), relate back to violations allegedly occurring in 2001 and 2002 (collectively, the "*Historical Violations*"). The Historical Violations were addressed by Kalo in 2002 and the remedial actions taken by Kalo were inspected by the Township and approved.

31.     Instead of considering Kalo's applications before it, the Commission adjourned the hearing, requiring Kalo to file amended applications addressing the Historical Violations even though Kalo has not been

cited for the Historical Violations and the Township Defendants previously approved Kalo's remediation measures as to these violations.

32. Kalo has listed the Kalo Residence for sale but has been unable to sell the property due to the pendency of matters before the Commission.

### COUNT I—DECLARATORY JUDGMENT (Township Defendants)

33. Kalo incorporates by reference all of the preceding paragraphs as though set forth verbatim herein.

34. The Citations reference violations of the Township's wetland ordinance, *i.e.*, intrusion to wetland setback and failing to obtain a permit prior to commencing the Kalo Remediation. These are the sole violations of the Township's ordinance for which Kalo was cited.

35. Upon information and belief, Roda's insistence at the hearing before the Commission was motivated primarily by his personal animus for Kalo. For example, Roda referenced the existence of an underground sprinkler line in the wetland setback area insisting it must be removed even though the existence of this line predated Kalo's ownership of the subject property. See Statement of Mark Conley attached as **Exhibit D**. Roda also insisted that all native wetland vegetation comprising the Initial Remediation be once again planted by Kalo as part of the present application for an after-the-fact permit even though the death of this vegetation was caused by the natural changing of the water levels of Walnut Lake and an abundance of deer which grazed in the wetland area and consumed the vegetation growing therein.

36. Over the years, Township officials, including, but not limited to, Roda, Ann Vaara, and a gentleman whose last name is Marshall, among others, periodically inspected the Kalo's Residence, specifically the wetland area. No citations were issued during this period despite the fact that the area was undergoing significant natural changes beyond Kalo's control.

37. It is not within the Township's power to compel modifications to an application for an after-the-fact permit for which Kalo has not been cited. Nevertheless, at Mr. Roda's urging, the Commission failed and

refused to consider Kalo's applications, despite Kalo having paid the requisite filing fee for such consideration, retaining an expert to prepare a remediation plan, and submitting the plan in conjunction with Kalo's application.

38. The Township Defendants' insistence that alleged Historical Violations of the Township's wetland ordinance be addressed by Kalo in its application for an after-the-fact permit is time barred and the Historical Violations were not included in the Township's citation to Kalo. Governmental action seeking restoration of a wetland comes within the meaning of a personal action as defined in MCL 600.5813. Accordingly, given the absence of a statute of limitations applicable to enforcement of the subject ordinance, a six-year limitation applies to the actions of the Township Defendants. *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 23; 896 NW2d 39 (2016); *Attorney Gen v Harkins*, 257 Mich App 564, 569; 669 NW2d 296 (2003).

39. Any attempt by Kalo to administratively pursue its application for an after-the-fact permit with the Township will be futile because of the Township Defendants insistence that the Historical Violations be addressed by Kalo in its application. There is no adequate administrative remedy to protect Kalo against the Commission's unlawful actions. Kalo is powerless to compel the Commission to restrict consideration of its after-the-fact application solely to the Citations. Further, one of the specific remedies Kalo seeks, restriction of his application to the Citations is clearly not one that the Commission will grant. Further, the Township's administrative process cannot provide Kalo money damages sustained by Kalo by reason of the Commission's refusal to consider Kalo's application.

40. The Commission's refusal to consider Kalo's application and proposed remediation plan is arbitrary and capricious and does not advance the public good as Kalo is ready, willing, and able to proceed to completion with a remediation plan for the Kalo Residence.

41. Accordingly, the Commission's refusal to consider Kalo's applications and its demand that the applications must address the alleged Historical Violations deprives Kalo of its procedural due process right under the 14th Amendment of the United Stated Constitution and the equivalent provisions of the Michigan Constitution.

-7-

42. Kalo has no adequate remedy at law.

43. An actual justiciable controversy, within the jurisdiction of this Court, exists between Kalo and the Township Defendants as to the validity of the Commission's actions regarding Kalo's applications. Resolution of matters raised in this action will dispose of all issues between the parties. This controversy is of sufficient immediacy and consequence to the parties to warrant this Court's issuance of a declaratory judgment determining the efficacy of the actions of the Township Defendants regarding Kalo's applications. An action for declaratory relief is appropriate to review the actions of the Township Defendants.

44. In the absence of this Court's declaration of the respective rights of Kalo and the Township Defendants, the actions of the Township Defendants will continue to jeopardize Kalo.

WHEREFORE, Kalo respectfully requests that this Honorable Court grant judgment in its favor and against the Township Defendants as follows:

(a) Declare the refusal to consider the applications as submitted by Kalo is (i) unconstitutional, and therefore invalid and of no force and effect, and (ii) arbitrary and capricious;

(b) Grant such other relief as this court deems just and proper; and

(c) Award Kalo its attorneys' fees and costs of suit.

**COUNT II—MONETARY DAMAGES AND INJUNCTIVE RELIEF (Township Defendants)**

45. Kalo incorporates by reference all of the preceding paragraphs as though set forth verbatim herein.

46. The Township Defendants have failed and refused to consider, in good faith, Kalo's applications for an after-the-fact permit and wetland delineation despite the fact that they fully address the sole violation alleged in the Citation and otherwise in conformance with applicable laws and ordinances.

47. As a result of the Township Defendants' failure and refusal to consider Kalo's applications, Kalo has suffered extensive damages, including, but not limited to, the inability to sell the Kalo Residence which has depreciated in value during the period Kalo's applications have been pending before the Township Defendants.

-8-

48. Equity and justice demand that an injunction and/or a writ of mandamus issue compelling the Township Defendants to review Kalo's applications solely on the basis of the single violation alleged in the Citation.

49. The Township Defendants should be estopped and restrained from requiring Kalo to address alleged violations not set forth in the Citation, including, but not limited to, the Historical Violations.

WHEREFORE, Kalo respectfully requests that this Honorable Court grant judgment in its favor and against the Township Defendants as follows:

(a) Enter an Order approving Kalo's applications;

(b) Alternatively, enter an Order/Writ of Mandamus remanding this matter to the Commission for consideration of Kalo's applications consistent with the Citation and applicable ordinances, limiting the Commission's consideration to the single violation set forth in the Citation and enjoining them from applying its ordinances in manner that violates Kalo's constitutional rights;

(c)` Award compensatory damages in favor of Kalo and against the Township Defendants, jointly and severally, in excess of $25,000.00 as this Court deems just;

(d) Grant such other relief as this Honorable Court deems just and equitable.

### Count III--TORTIOUS INTERFERENCE (Roda Only)

50. Kalo restates all of the preceding paragraphs as though set forth verbatim herein.

51. Kalo has had the Kalo Residence listed for sale since the spring of 2021.

52. Upon information and belief, Roda was aware that the Kalo Residence was for sale and that a sale could not be consummated while the subject alleged violations are pending.

53. Roda, by insisting to the Commission that the Historical Violations be re-examined by the Commission contemporaneously with Kalo's applications even though Kalo had not been cited for these alleged violations, has taken purposeful action solely intended to influence the Commission's deliberations and harm Kalo by depriving Kalo of the ability to sell the Kalo Residence.

54. As a direct result of Roda's statements to the Commission, the Commission's deliberative process was not impartial.

55.     There is no legitimate justification for Roda's actions, which actions have substantially interfered with Kalo's property rights, as the only violation before the Commission was the violation set forth in the Citation.

56.     As a result of Roda's intentional actions, Kalo has suffered substantial damages, including, but not limited to, the loss of the ability to sell the Kalo Residence.

**WHEREFORE,** Kalo respectfully requests that this Honorable Court grant judgment in its favor and against Roda as follows:

(a)     Award compensatory damages in favor of Kalo and against Road, in excess of $25,000.00 as this Court deems just; and

(b)     Grant such other relief as this Honorable Court deems just and equitable.

SWISTAK LEVINE PC

/s/Lawrence P. Swistak (P24892)
Swistak Levine PC
Attorneys for Plaintiff
30833 Northwestern Highway, Suite 120
Dated: November 18, 2022                     Farmington Hills, MI  48334

STATE OF MICHIGAN

ENVIRONMENTAL COMMISION MEETING WEST BLOOMFIELD TOWNSHIP

STATEMENT OF ED KIND

Ed Kind states as follows:

1. I am the owner of Rhino Construction Company ("*Rhino*"). Rhino is engaged in the business of maintaining property exteriors including performing landscaping and similar services for homeowners.

2. Rhino provided maintenance services to the residence of Dr. Jacob Kalo, commonly known as 5295 Middlebelt Road, West Bloomfield, Michigan and has provided such services to him for more than twenty years.    The services included repair and maintenance of shrubbery, underground irrigation system, lawn, trees, landscape lighting and retention walls.

3. On April 18, 2021, Dr. Kalo contracted with me to remove sections of a dilapidated and unusable dock from Walnut Lake.

4. Four employees of Rhino were unable to manually extract the dock from Walnut Lake.

5. I attempted to remove the dock using a small light loader; however, although the ground was still frozen, the loader became mired in the lawn, could not remove the dock and was unable to move.

6. In order to remove the loader, I hired a towing service to extract the loader from the shoreline.   A copy of the receipt evidencing my payment for the towing services is attached.

7. Although the tow truck attempted to remove the loader without disturbing the shoreline, given the weight of the vehicles and the resistance of the loader, the tow truck caused significant depressions in the soil. This was the only damage to Dr. Kalo's property.

8. After the loader was removed, I repaired all trenches by filling the depressions with approximately three yards of topsoil and replanting the torn lawn on top of the soil.  No other remediation to Dr. Kalo's property was performed.



PLAINTIFF'S EXHIBIT A

9. No vegetation, cattails, or landscape improvements were damaged as a result of the activities that took place on April 18, 2021..

I declare under the penalties of perjury that this statement has been examined by me and that

its contents are true to the best of my information, knowledge, and belief.

Ed Kind

# PENALTY FOR REMOVAL OF THIS NOTICE

5295
MIDDLEBELT
AND/OR
#18-24-351-037

(#18-24-351-036

# STOP WORK



PLAINTIFF'S
EXHIBIT
B

## TO WHOM IT MAY CONCERN:

You are required to comply with the following:

- ☑ Chapter 8, Article XIII Grading and Drainage
- ☑ Chapter 8, Article XV Soil Erosion and Sedimentation Control (SESC)
- ☑ Chapter 12, Floodplain, Floodway, Watercourse and Wetland Protection
- ☐ Chapter 24, Water Supply and Sewage Disposal Systems
- ☐ Chapter 26, Section 3.1.21, Woodland Conservation Overlay District
- ☑ Chapter 26, Section 5.4, Environmental Features Setback (EFS)

of West Bloomfield Township, Oakland County, Michigan. Failure to do so will result in immediate prosecution. For further details, contact West Bloomfield Township Hall at (248) 451-4818.

Remarks UNAUTHORIZED WORK ACTIVITIES WITH A REQUIRED 25-FOOT ENVIRONMENTAL FEATURES SETBACK TO WETLAND AND WETLAND WITHOUT THE BENEFIT OF OBTAINING PROPER PERMITS. MUST APPLY FOR AN AFTER-THE-FACT WETLAND/EFS PERMIT THAT WILL EVENTUALLY ALSO REQUIRE A GRADING/SESC PERMIT.

Inspector: J. ____ A     Date: 5/17/21

Engineering, Environmental, Planning & Zoning Services

**PLANNING & DEVELOPMENT SERVICES**
4550 Walnut Lake Road
West Bloomfield, MI 48323
P. (248) 451-4818
F. (248) 451-4871
wbtownship.org

RECEIVED
MAY 1 8 2021
WEST BLOOMFIELD TOWNSHIP
ENVIRONMENTAL DEPARTMENT

RECEIVED
MAY 2 7 2021

**WETLAND PERMIT APPLICATION**
Application must be filled out completely and submitted
with a printed copy of an EGLE MiWaters Application

Project No. _____

## APPLICANT INFORMATION
WEST BLOOMFIELD TOWNSHIP
ENVIRONMENTAL DEPARTMENT

| | |
|---|---|
| Name JACOB KALO | Phone 248-762-2772 |
| Address 5295 Middlebelt Road | Email EKALO@AOL.COM |
| City West Bloomfield | State MI | Zip Code 48323 | Cost Estimate |

## PROPERTY OWNER INFORMATION (IF DIFFERENT FROM APPLICANT)

| | |
|---|---|
| Name KALO Family Investment Co. IV LLC | Phone 248-762-2772 |
| Address 5295 Middlebelt Rd. | Email |
| City West Bloomfield MI | State MI | Zip Code 48323 | EKALO@AOL.COM |

## PROPERTY INFORMATION

Street Address 5295 Middlebelt Rd. W.B. MI 48323

Subdivision and Lot _____     Parcel ID # 18-24-351-037

## DESCRIPTION OF WORK

Describe the work to be or already performed (add fill, excavate, etc.)
Maintain and Repair a Lawn in Existence over 3 decades

Purpose of work (construct residence, protect shoreline, sand beach, etc.)
Protect my Property line that being envaded by Invasive Vegetation

Amount and type of material to be or already deposited of removed, Including structures
10 yard of top soil (only partial amount used) + Sod

Has any work been done within wetland prior to application?   ☐ Yes   ☐ No

Have any previous Environmental Commission applications been submitted to the township for this property?

☐ Yes (When: _____   Case #: _____)   ☒ No

Applicant agrees to the following conditions:

☒ Agree to all Permit Terms and Conditions *(see back of application)*     ☐ Agree to sign being posted on property

☐ Agree to Recording of Preservation Notice     ☐ Plot Plan/Site Plan

☒ Copy of Contract or Cost Estimate

## SIGNATURE

I hereby certify, under the penalties of perjury, that the statements contained in this application are true, to the best of my knowledge.

Date 05/18/2021     Signature of Applicant _[signature]_

Date 05/18/2021     Signature of Property Owner _[signature]_

**THIS IS NOT A PERMIT- VIOLATORS ARE SUBJECT TO CRIMINAL PENALITIES**

Application Wetland Permit Revised 12/2020

PLAINTIFF'S
EXHIBIT
C
tabbies

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

KALO FAMILY INVESTMENT CO. IV, L.L.C.,
a Michigan limited liability company,

2022-197350-CE

JUDGE NANCI J. GRANT

Plaintiff,

CASE NO. _____CE

-vs-

HONORABLE _____

CHARTER TOWNSHIP OF WEST BLOOMFIELD,
a Michigan charter township, WEST BLOOMFIELD
ENVIRONMENTAL COMMISSION, an agency of the
Charter Township of West Bloomfield, and JOHN RODA

Defendants.

This case has been designated as an eFiling
case, for more information please visit
www.oakgov.com/efiling.

SWISTAK LEVINE PC
Lawrence P. Swistak (P24892)
Daniel Landman (P35797)
Corey Grandmaison (P64392)
Attorneys for Plaintiff
30833 Northwestern Highway, Suite 120
Farmington Hills, Michigan 48334
248-851-8000
lswistak@swistaklevine.com

*There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in this Complaint.*

## COMPLAINT

NOW COMES, Plaintiff, KALO FAMILY INVESTMENT CO., L.L.C. (*"Kalo"*) by, its attorneys, Swistak Levine,

PC, and for its Complaint against the Township of West Bloomfield (the *"Township"*), West Bloomfield

Environmental Commission (the *"Commission"* and, together with the Township of West Bloomfield, the

*"Township Defendants"*) and JOHN RODA (*"Roda"*), represents as follows:

## INTRODUCTION

1. Kalo brings this action seeking mandatory injunctive relief compelling Township Defendants to consider Kalo's application for an after-the-fact application for a permit for a wetland/environmental feature setback permit (the *"Kalo Application"*), and to compel the Township to issue the requested permit, as well as seeking monetary damages arising from the Township Defendants' malfeasance and/or misfeasance with respect to the Kalo Application.

2. Kalo is compelled to bring this action after the Township Defendants declined to consider the Kalo Application at a meeting of the Commission unless Kalo amended the Kalo Application to address other matters not before the Commission and for which Kalo has not been cited by the Township Defendants. Kalo asserts that the absence of a citation citing any violation of the Township's zoning ordinance other than the violation addressed in Kalo's applications, precludes the Commission's review and consideration of collateral matters occurring more than twenty years ago.

3. The refusal of the Commission to consider the Kalo Application as submitted deprives Kalo of the opportunity to secure the requisite after-the-fact permit for a wetland/environmental feature setback required by the Township's ordinance and for which the Township issued a civil infraction to Kalo.

4. The refusal of the Commission to consider Kalo's Application unless amended to include other collateral matters not the subject of the Civil Infraction and were fully resolved more than twenty years ago is plainly arbitrary and capricious.

5. Accordingly, it is necessary and appropriate to compel the Township Defendants to permit Kalo to proceed with its applications.

## PARTIES, JURISDICTION AND VENUE

6. Kalo is a Michigan limited liability company (*"Plaintiff"*) organized and existing under the laws of the State of Michigan. Kalo maintains its principal office in West Bloomfield Township, Oakland County, Michigan, and transacts business in Oakland County, Michigan.

-2-

7.    Upon information and belief, the Township is a Michigan charter township, maintaining its principal place of business in West Bloomfield, Oakland County, Michigan.

8.    Upon information and belief, the Commission is a duly constituted appointive body of the Township with its offices in West Bloomfield, Oakland County, Michigan.  One of the duties with which the Commission is charged is the enforcement of the Township's wetland ordinance.

9.    Upon information and belief, Defendant, John Roda, is a resident of Oakland County, Michigan and is employed by the Township.

10.   The amount in controversy exceeds $25,000.00, exclusive of costs and interest.

11.   This Court has jurisdiction of this action pursuant to MCL 600.601, MCL 600.605, and Michigan Constitution 1963, Article 6, Section 13.

12.   Venue is proper in this Court pursuant to MCL 600.1605 as the real property which is the subject of this action is located in West Bloomfield, Oakland County, Michigan.

## BACKGROUND FACTS

13.   Kalo is the owner of a single-family residence commonly known as 5295 Middlebelt, West Bloomfield, Oakland County, Michigan (the *"Kalo Residence"*).

14.   In 2002, Kalo, pursuant to a written agreement with the Township Defendants, remediated a wetland intrusion by substantial plantings of native wetland vegetation in the area of the wetland setback at the Kalo Residence (the *"Initial Remediation"*).

15.   Shortly after completing the Initial Remediation, the wetland vegetation planted by Kalo began dying due to changing water levels of Walnut Lake to the extent that only minimal vegetation exists today.

16.   On or about April 18, 2021, Kalo retained Rhino Construction Company to remove a dock from Walnut Lake situated on the shoreline of Walnut Lake.  The dock had sunk into the area of the shoreline and was unusable and unsightly.

17.     On April 18, 2021, Rhino Construction Company attempted to extract the dock using only "manpower;" however it was unable to remove the dock.

18.     On April 18, 2021, Rhino Construction Company had a "front loader" delivered to the Kalo Residence to remove the dock; however, the front loader was unable to remove the dock and, in its attempts to do so, sunk into the soft soil at the lakeside, creating large ruts.  The front loader was unable to move in any direction. See statement of Ed Kind of Rhino Construction Company attached as **Exhibit A**.

19.     In order to extricate the front loader from the Kalo Residence, on April 18, 2021, Rhino Construction Company hired a towing service to remove the front loader.  Although the tow truck was able to remove the front loader, in doing so it significantly increased both the number and depth of the ruts in the lakeside soil (collectively, the *"Wetland Damage"*).  See **Exhibit A**.

20.     After the front loader was removed from the lakeshore, Rhino Construction Company spread three yards of topsoil into the ruts at the Kalo Residence, retrieved the remnants of the grass previously growing in the area and placed them on top of the filled ruts (collectively, the *"Kalo Remediation"*) .

21.     On May 17, 2021, a Stop Work Order was posted on the Kalo Residence by the Township Defendants. A copy of the Stop Work Order is attached as **Exhibit B**.

22.     On May 18, 2021, Kalo filed an application with the Commission requesting issuance of an after-the-fact permit to remediate the Wetland Damage and paid the filing fee.  The application was accepted by the Township Defendants and Kalo's check in the amount of the filing fees was deposited.  A copy of this application is attached as **Exhibit C**.

23.     On May 27, 2021, Kalo filed an amended application with Commission requesting issuance of an after-the-fact permit to remediate the Wetland Damage.

24.     On May 27, 2021, despite Kalo's timely filing of the amended application requesting issuance of an after-the-fact permit and payment of all application fees to the Township, the Township Defendants issued civil infractions to Kalo.  The citations for these infractions (jointly, the *"Citations"*) were solely based upon Kalo's

violation of the Township's wetland setback ordinance and Kalo's failure to obtain a permit for the Kalo Remediation in the area of an environmental setback in violation of Section 26-5.4(3) of the Township Zoning Ordinance.

25. Prior to issuance of the Citation, Kalo was not advised of any deficiencies in its application nor given an opportunity to revise the application.

26. On February 8, 2022, a settlement was reached with the Township regarding the Citation. The settlement agreement required Kalo to apply for the wetland determination evaluation and an after-the-fact wetland/environmental feature setback permit. Additionally, Kalo agreed to admit responsibility for six counts of double parking and pay a fine of $1050.00 . The Citation regarding the alleged wetland violation was dismissed.

27. Kalo retained the services of a wetland-environmental expert to prepare and submit the applications required pursuant to the settlement agreement.

28. On August 25, 2022, revised applications were submitted by Woody L. Held, environmental expert, on behalf of Kalo.

29. On October 12, 2022, a hearing was held before the Commission to consider the applications submitted by Kalo.

30. The Commission declined to consider the applications on the basis that it did not address other alleged violations, none of which were referenced in the Citation, which violations, based upon statements made to the Commission by John Roda, environmental manager of the Township ("*Roda*"), relate back to violations allegedly occurring in 2001 and 2002 (collectively, the "*Historical Violations*"). The Historical Violations were addressed by Kalo in 2002 and the remedial actions taken by Kalo were inspected by the Township and approved.

31. Instead of considering Kalo's applications before it, the Commission adjourned the hearing, requiring Kalo to file amended applications addressing the Historical Violations even though Kalo has not been

cited for the Historical Violations and the Township Defendants previously approved Kalo's remediation measures as to these violations.

32.    Kalo has listed the Kalo Residence for sale but has been unable to sell the property due to the pendency of matters before the Commission.

### COUNT I—DECLARATORY JUDGMENT (Township Defendants)

33.    Kalo incorporates by reference all of the preceding paragraphs as though set forth verbatim herein.

34.    The Citations reference violations of the Township's wetland ordinance, *i.e.*, intrusion to wetland setback and failing to obtain a permit prior to commencing the Kalo Remediation.  These are the sole violations of the Township's ordinance for which Kalo was cited.

35.    Upon information and belief, Roda's insistence at the hearing before the Commission was motivated primarily by his personal animus for Kalo.  For example, Roda referenced the existence of an underground sprinkler line in the wetland setback area insisting it must be removed even though the existence of this line predated Kalo's ownership of the subject property.  See Statement of Mark Conley attached as **Exhibit D**.  Roda also insisted that all native wetland vegetation comprising the Initial Remediation be once again planted by Kalo as part of the present application for an after-the-fact permit even though the death of this vegetation was caused by the natural changing of the water levels of Walnut Lake and an abundance of deer which grazed in the wetland area and consumed the vegetation growing therein.

36.    Over the years, Township officials, including, but not limited to, Roda, Ann Vaara, and a gentleman whose last name is Marshall, among others, periodically inspected the Kalo's Residence, specifically the wetland area.  No citations were issued during this period despite the fact that the area was undergoing significant natural changes beyond Kalo's control.

37.    It is not within the Township's power to compel modifications to an application for an after-the-fact permit for which Kalo has not been cited.  Nevertheless, at Mr. Roda's urging, the Commission failed and

refused to consider Kalo's applications, despite Kalo having paid the requisite filing fee for such consideration, retaining an expert to prepare a remediation plan, and submitting the plan in conjunction with Kalo's application.

38. The Township Defendants' insistence that alleged Historical Violations of the Township's wetland ordinance be addressed by Kalo in its application for an after-the-fact permit is time barred and the Historical Violations were not included in the Township's citation to Kalo. Governmental action seeking restoration of a wetland comes within the meaning of a personal action as defined in MCL 600.5813. Accordingly, given the absence of a statute of limitations applicable to enforcement of the subject ordinance, a six-year limitation applies to the actions of the Township Defendants. *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 23; 896 NW2d 39 (2016); *Attorney Gen v Harkins*, 257 Mich App 564, 569; 669 NW2d 296 (2003).

39. Any attempt by Kalo to administratively pursue its application for an after-the-fact permit with the Township will be futile because of the Township Defendants insistence that the Historical Violations be addressed by Kalo in its application. There is no adequate administrative remedy to protect Kalo against the Commission's unlawful actions. Kalo is powerless to compel the Commission to restrict consideration of its after-the-fact application solely to the Citations. Further, one of the specific remedies Kalo seeks, restriction of his application to the Citations is clearly not one that the Commission will grant. Further, the Township's administrative process cannot provide Kalo money damages sustained by Kalo by reason of the Commission's refusal to consider Kalo's application.

40. The Commission's refusal to consider Kalo's application and proposed remediation plan is arbitrary and capricious and does not advance the public good as Kalo is ready, willing, and able to proceed to completion with a remediation plan for the Kalo Residence.

41. Accordingly, the Commission's refusal to consider Kalo's applications and its demand that the applications must address the alleged Historical Violations deprives Kalo of its procedural due process right under the 14th Amendment of the United Stated Constitution and the equivalent provisions of the Michigan Constitution.

-7-

42. Kalo has no adequate remedy at law.

43. An actual justiciable controversy, within the jurisdiction of this Court, exists between Kalo and the Township Defendants as to the validity of the Commission's actions regarding Kalo's applications. Resolution of matters raised in this action will dispose of all issues between the parties. This controversy is of sufficient immediacy and consequence to the parties to warrant this Court's issuance of a declaratory judgment determining the efficacy of the actions of the Township Defendants regarding Kalo's applications. An action for declaratory relief is appropriate to review the actions of the Township Defendants.

44. In the absence of this Court's declaration of the respective rights of Kalo and the Township Defendants, the actions of the Township Defendants will continue to jeopardize Kalo.

WHEREFORE, Kalo respectfully requests that this Honorable Court grant judgment in its favor and against the Township Defendants as follows:

(a) Declare the refusal to consider the applications as submitted by Kalo is (i) unconstitutional, and therefore invalid and of no force and effect, and (ii) arbitrary and capricious;

(b) Grant such other relief as this court deems just and proper; and

(c) Award Kalo its attorneys' fees and costs of suit.

### COUNT II—MONETARY DAMAGES AND INJUNCTIVE RELIEF (Township Defendants)

45. Kalo incorporates by reference all of the preceding paragraphs as though set forth verbatim herein.

46. The Township Defendants have failed and refused to consider, in good faith, Kalo's applications for an after-the-fact permit and wetland delineation despite the fact that they fully address the sole violation alleged in the Citation and otherwise in conformance with applicable laws and ordinances.

47. As a result of the Township Defendants' failure and refusal to consider Kalo's applications, Kalo has suffered extensive damages, including, but not limited to, the inability to sell the Kalo Residence which has depreciated in value during the period Kalo's applications have been pending before the Township Defendants.

48. Equity and justice demand that an injunction and/or a writ of mandamus issue compelling the Township Defendants to review Kalo's applications solely on the basis of the single violation alleged in the Citation.

49. The Township Defendants should be estopped and restrained from requiring Kalo to address alleged violations not set forth in the Citation, including, but not limited to, the Historical Violations.

WHEREFORE, Kalo respectfully requests that this Honorable Court grant judgment in its favor and against the Township Defendants as follows:

(a) Enter an Order approving Kalo's applications;

(b) Alternatively, enter an Order/Writ of Mandamus remanding this matter to the Commission for consideration of Kalo's applications consistent with the Citation and applicable ordinances, limiting the Commission's consideration to the single violation set forth in the Citation and enjoining them from applying its ordinances in manner that violates Kalo's constitutional rights;

(c)' Award compensatory damages in favor of Kalo and against the Township Defendants, jointly and severally, in excess of $25,000.00 as this Court deems just;

(d) Grant such other relief as this Honorable Court deems just and equitable.

### Count III--TORTIOUS INTERFERENCE (Roda Only)

50. Kalo restates all of the preceding paragraphs as though set forth verbatim herein.

51. Kalo has had the Kalo Residence listed for sale since the spring of 2021.

52. Upon information and belief, Roda was aware that the Kalo Residence was for sale and that a sale could not be consummated while the subject alleged violations are pending.

53. Roda, by insisting to the Commission that the Historical Violations be re-examined by the Commission contemporaneously with Kalo's applications even though Kalo had not been cited for these alleged violations, has taken purposeful action solely intended to influence the Commission's deliberations and harm Kalo by depriving Kalo of the ability to sell the Kalo Residence.

54. As a direct result of Roda's statements to the Commission, the Commission's deliberative process was not impartial.

-9-

55.     There is no legitimate justification for Roda's actions, which actions have substantially interfered with Kalo's property rights, as the only violation before the Commission was the violation set forth in the Citation.

56.     As a result of Roda's intentional actions, Kalo has suffered substantial damages, including, but not limited to, the loss of the ability to sell the Kalo Residence.

**WHEREFORE**, Kalo respectfully requests that this Honorable Court grant judgment in its favor and against Roda as follows:

(a)     Award compensatory damages in favor of Kalo and against Road, in excess of $25,000.00 as this Court deems just; and

(b)     Grant such other relief as this Honorable Court deems just and equitable.

SWISTAK LEVINE PC


/s/Lawrence P. Swistak (P24892)
Swistak Levine PC
Attorneys for Plaintiff
30833 Northwestern Highway, Suite 120
Dated:  November 18, 2022          Farmington Hills, MI  48334

-10-

STATE OF MICHIGAN

ENVIRONMENTAL COMMISION MEETING WEST BLOOMFIELD TOWNSHIP

STATEMENT OF ED KIND

Ed Kind states as follows:

1. I am the owner of Rhino Construction Company (*"Rhino"*). Rhino is engaged in the business of maintaining property exteriors including performing landscaping and similar services for homeowners.

2. Rhino provided maintenance services to the residence of Dr. Jacob Kalo, commonly known as 5295 Middlebelt Road, West Bloomfield, Michigan and has provided such services to him for more than twenty years.   The services included repair and maintenance of shrubbery, underground irrigation system, lawn, trees, landscape lighting and retention walls.

3. On April 18, 2021, Dr. Kalo contracted with me to remove sections of a dilapidated and unusable dock from Walnut Lake.

4. Four employees of Rhino were unable to manually extract the dock from Walnut Lake.

5. I attempted to remove the dock using a small light loader; however, although the ground was still frozen, the loader became mired in the lawn, could not remove the dock and was unable to move.

6. In order to remove the loader, I hired a towing service to extract the loader from the shoreline.   A copy of the receipt evidencing my payment for the towing services is attached.

7. Although the tow truck attempted to remove the loader without disturbing the shoreline, given the weight of the vehicles and the resistance of the loader, the tow truck caused significant depressions in the soil. This was the only damage to Dr. Kalo's property.

8. After the loader was removed, I repaired all trenches by filling the depressions with approximately three yards of topsoil and replanting the torn lawn on top of the soil.  No other remediation to Dr. Kalo's property was performed.



9.    No vegetation, cattails, or landscape improvements were damaged as a result of the activities that took place on April 18, 2021..

I declare under the penalties of perjury that this statement has been examined by me and that

its contents are true to the best of my information, knowledge, and belief.

Ed Kind

# PENALTY FOR REMOVAL OF THIS NOTICE

5295 MIDDLEBELT AND/OR
(#18-24-351-036
#18-24-351-037

# STOP WORK



PLAINTIFF'S
EXHIBIT
B

## TO WHOM IT MAY CONCERN:

You are required to comply with the following:

☑ Chapter 8, Article XIII Grading and Drainage
☑ Chapter 8, Article XV Soil Erosion and Sedimentation Control (SESC)
☑ Chapter 12, Floodplain, Floodway, Watercourse and Wetland Protection
☐ Chapter 24, Water Supply and Sewage Disposal Systems
☐ Chapter 26, Section 3.1.21, Woodland Conservation Overlay District
☑ Chapter 26, Section 5.4, Environmental Features Setback (EFS)

of West Bloomfield Township, Oakland County, Michigan. Failure to do so will result in immediate prosecution. For further details, contact West Bloomfield Township Hall at (248) 451-4818.

Remarks UNAUTHORIZED WORK ACTIVITIES WITH A REQUIRED 25-FOOT ENVIRONMENTAL FEATURES SETBACK TO WETLAND AND WETLAND WITHOUT THE BENEFIT OF OBTAINING PROPER PERMITS. MUST APPLY FOR AN AFTER-THE-FACT WETLAND/EFS PERMIT THAT WILL EVENTUALLY ALSO REQUIRE A GRADING/SESC PERMIT.

Inspector: J. PROVA          Date: 5/17/21

Engineering, Environmental, Planning & Zoning Services

**PLANNING & DEVELOPMENT SERVICES**
4550 Walnut Lake Road
West Bloomfield, MI 48323
P. (248) 451-4818
F. (248) 451-4871
wbtownship.org

RECEIVED MAY 18 2021
WEST BLOOMFIELD TOWNSHIP
ENVIRONMENTAL DEPARTMENT

RECEIVED MAY 27 2021

**WETLAND PERMIT APPLICATION**
Application must be filled out completely and submitted
with a printed copy of an EGLE MiWaters Application

Project No. _____

## APPLICANT INFORMATION

WEST BLOOMFIELD TOWNSHIP
ENVIRONMENTAL DEPARTMENT

Name: JACOB KALO
Phone: 248-762-2772
Address: 5295 Middlebelt Road
Email: EKALO@AOL.COM
City: West Bloomfield
State: Mi
Zip Code: 48323
Cost Estimate:

## PROPERTY OWNER INFORMATION (IF DIFFERENT FROM APPLICANT)

Name: KALO Family Investment Co. IV LLC
Phone: 248-762-2772
Address: 5295 Middlebelt Rd.
Email:
City: West Bloomfield Mi
State: Mi
Zip Code: 48323
Email: EKALO@AOL.COM

## PROPERTY INFORMATION

Street Address: 5295 Middlebelt Rd. W.B. Mi. 48323
Subdivision and Lot:
Parcel ID #: 18-24-351-037

## DESCRIPTION OF WORK

Describe the work to be or already performed (add fill, excavate, etc.)
Maintain and Repair a lawn in Existence over 8 decades

Purpose of work (construct residence, protect shoreline, sand beach, etc.)
Protect my Property line that being envaded by intrusive vegetation

Amount and type of material to be or already deposited of removed, Including structures
10 Yard of top soil (only partial amount used) + Sod

Has any work been done within wetland prior to application? ☐ Yes ☐ No

Have any previous Environmental Commission applications been submitted to the township for this property?
☐ Yes (When:_____ Case #:_____) ☒ No

Applicant agrees to the following conditions:
☒ Agree to all Permit Terms and Conditions (see back of application)     ☐ Agree to sign being posted on property
☐ Agree to Recording of Preservation Notice     ☐ Plot Plan/Site Plan
☒ Copy of Contract or Cost Estimate

## SIGNATURE

I hereby certify, under the penalties of perjury, that the statements contained in this application are true, to the best of my knowledge.

Date: 05/18/2021
Signature of Applicant: Kalo M.D

Date: 05/18/2021
Signature of Property Owner: Kalo M.D

**THIS IS NOT A PERMIT- VIOLATORS ARE SUBJECT TO CRIMINAL PENALITIES**

Application Wetland Permit Revised 12/2020

PLAINTIFF'S EXHIBIT C
tabbies

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

KALO FAMILY INVESTMENT
CO. IV, LLC, a Michigan limited liability
company,

        Case No. 2022-197350-CE

      Plaintiff,        Honorable Nanci J. Grant

v.

CHARTER TOWNSHIP OF WEST
BLOOMFIELD,WEST BLOOMFIELD
ENVIRONMENTAL COMMISSION, and
JOHN RODA,

      Defendants.

_____/

| | |
|---|---|
| Lawrence P. Swistak (P24892) | Jeffrey R. Clark (P33074) |
| Daniel Landman (P35797) | Kevin J. Campbell (P66367) |
| Corey Grandmaison (P64392) | Shane R. Nolan (P78008) |
| Swistak Levine PC | Cummings McClorey Davis & Acho PLC |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 30833 Northwestern Hwy, Suite 120 | 17436 College Parkway |
| Farmington Hills, Michigan 48334 | Livonia, Michigan 48150 |
| (248) 851-8000 | (734) 261-2400 |
| lswistak@swistaklevine.com | kcampbell@cmda-law.com |

_____/

**ANSWER TO COMPLAINT BY DEFENDANTS CHARTER TOWNSHIP OF WEST BLOOMFIELD, WEST BLOOMFIELD ENVIRONMENTAL COMMISSION, AND JOHN RODA**

Defendants, Charter Township of West Bloomfield, West Bloomfield Environmental Commission, and John Roda ("Defendants"), through their counsel, Cummings, McClorey, Davis, & Acho PLC, hereby answer the Complaint by Plaintiff, Kalo Family Investment Co. IV, LLC ("Plaintiff"), as follows:

1.    In answer to paragraph 1 of Plaintiff's Complaint, Defendants admit only that Plaintiff seeks injunctive relief and monetary damages in this case. Defendants expressly deny liability and damages to Plaintiff.

{01715750-1 }

2.      In answer to paragraph 2 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

3.      In answer to paragraph 3 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

4.      In answer to paragraph 4 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

5.      In answer to paragraph 5 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

## PARTIES, JURISDICTION AND VENUE

6.      In answer to paragraph 6 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

7.      In answer to paragraph 7 of Plaintiff's Complaint, Defendants admit the allegation therein.

8.      In answer to paragraph 8 of Plaintiff's Complaint, Defendants admit that Defendant Environmental Commission is a duly constituted appointive body of West Bloomfield Township. In further answer, Ordinance Sec. 2-171 speaks for itself regarding the Defendant Commission's duties.

9.      In answer to paragraph 9 of Plaintiff's Complaint, Defendants admit the allegation therein.

10.     In answer to paragraph 10 of Plaintiff's Complaint, Defendants admit that jurisdiction is appropriate.  However, Defendants expressly deny liability and damages to Plaintiff.

{01715750-1 }

11.     In answer to paragraph 11 of Plaintiff's Complaint, Defendants admit that jurisdiction is appropriate.  However, Defendants expressly deny liability and damages to Plaintiff.

12.     In answer to paragraph 12 of Plaintiff's Complaint, Defendants admit that venue is appropriate.   However, Defendants expressly deny liability and damages to Plaintiff.

## ALLEGED BACKGROUND FACTS

13.     In answer to paragraph 13 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

14.     In answer to paragraph 14 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

15.     In answer to paragraph 15 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

16.     In answer to paragraph 16 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

17.     In answer to paragraph 17 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

18.     In answer to paragraph 18 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

{01715750-1 }

19. In answer to paragraph 19 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

20. In answer to paragraph 20 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

21. No answer is necessary to paragraph 21 of Plaintiff's Complaint because Exhibit B speaks for itself.

22. No answer is necessary to paragraph 22 of Plaintiff's Complaint because Exhibit C speaks for itself.

23. No answer is necessary to paragraph 23 of Plaintiff's Complaint because the alleged amended application speaks for itself. To the extent that an answer is deemed necessary, Defendants deny the allegations therein because they are untrue.

24. No answer is necessary to paragraph 24 of Plaintiff's Complaint because the citations alleged therein speak for themselves.

25. In answer to paragraph 25 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

26. No answer is necessary to paragraph 26 of Plaintiff's Complaint because the alleged settlement speaks for itself. To the extent that an answer is deemed necessary, Defendants deny the allegations therein because they are untrue.

27.     In answer to paragraph 27 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

28.     In answer to paragraph 28 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

29.     In answer to paragraph 29 of Plaintiff's Complaint, Defendants admit the allegation therein.

30.     No answer is necessary to paragraph 30 because the decisions of the Defendant Commission speak for themselves.   To the extent that an answer is deemed necessary, Defendants deny the allegations therein because they are untrue.

31.     No answer is necessary to paragraph 31 because the decisions of the Defendant Commission speak for themselves.   To the extent that an answer is deemed necessary, Defendants deny the allegations therein because they are untrue.

32.     In answer to paragraph 32 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

## COUNT I – DECLARATORY RELIEF

33.     Defendants incorporate by reference paragraphs 1 through 32 herein.

34.     No answer is necessary to paragraph 34 of Plaintiff's Complaint because the citations alleged therein speak for themselves.

35.     In answer to paragraph 35 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

36.     In answer to paragraph 36 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

37.     In answer to paragraph 37 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

38.     In answer to paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

39.     In answer to paragraph 39 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

40.     In answer to paragraph 40 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

41.     In answer to paragraph 41 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

42.     In answer to paragraph 42 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

43.     In answer to paragraph 43 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

44.     In answer to paragraph 44 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

**WHERFORE**, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

### COUNT II – MONETARY DAMAGES AND INJUNCTIVE RELIEF

45.     Defendants incorporate by reference paragraphs 1 through 44 herein.

{01715750-1 }

46.     In answer to paragraph 46 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

47.     In answer to paragraph 47 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

48.     In answer to paragraph 48 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

49.     In answer to paragraph 49 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

**WHERFORE**, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

### <u>COUNT III</u> – <u>TORTIOUS INTERFERENCE (RODA ONLY)</u>

50.     Defendants incorporate by reference paragraphs 1 through 49 herein.

51.     In answer to paragraph 51 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

52.     In answer to paragraph 52 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations therein for lack of sufficient knowledge or information to form a belief about them, leaving Plaintiff to its strict proofs.

53.     In answer to paragraph 53 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

54.     In answer to paragraph 54 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

{01715750-1 }

55.     In answer to paragraph 55 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

56.     In answer to paragraph 56 of Plaintiff's Complaint, Defendants deny the allegations therein because they are untrue.

**WHERFORE**, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

Cummings, McClorey, Davis & Acho, PLC

By:     /s/ Jeffery R. Clark
        Jeffrey R. Clark (P33074)
        Kevin J. Campbell (P66367)
        Shane R. Nolan (P78008)
        Attorneys for Defendant
        17436 College Parkway
        Livonia, Michigan 48152
        (734) 261-2400
        jclark@cmda-law.com
        kcampbell@cmda-law.com
Dated: December 22, 2022          snolan@cmda-law.com

{01715750-1 }

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

KALO FAMILY INVESTMENT
CO. IV, LLC, a Michigan limited liability
company,

                                             Case No. 2022-197350-CE

      Plaintiff,                         Honorable Nanci J. Grant

v.

CHARTER TOWNSHIP OF WEST
BLOOMFIELD,WEST BLOOMFIELD
ENVIRONMENTAL COMMISSION, and
JOHN RODA,

      Defendants.

_____/

| | |
|---|---|
| Lawrence P. Swistak (P24892) | Jeffrey R. Clark (P33074) |
| Daniel Landman (P35797) | Kevin J. Campbell (P66367) |
| Corey Grandmaison (P64392) | Shane R. Nolan (P78008) |
| Swistak Levine PC | Cummings McClorey Davis & Acho PLC |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 30833 Northwestern Hwy, Suite 120 | 17436 College Parkway |
| Farmington Hills, Michigan 48334 | Livonia, Michigan 48150 |
| (248) 851-8000 | (734) 261-2400 |
| lswistak@swistaklevine.com | kcampbell@cmda-law.com |

_____/

## <u>DEFENDANTS' AFFIRMATIVE DEFENSES</u>

Defendants, Charter Township of West Bloomfield, West Bloomfield Environmental Commission, and John Roda ("Defendants"), through their counsel, Cummings, McClorey, Davis, & Acho PLC, hereby affirmatively defend against the Complaint by Plaintiff, Kalo Family Investment Co. IV, LLC ("Plaintiff"), as follows:

    1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

    2.    Plaintiff is not entitled to declaratory relief because there is no "actual controversy" between the parties.

{01715750-1 }

3. Plaintiff's claims are barred in whole, or in part, by its failure to exhaust all administrative remedies and/or appeal.

4. Plaintiff's procedural due process claim is barred because it has neither a constitutionally protected property nor liberty interest in the permit at issue.

5. Plaintiff was not deprived of procedural due process because Defendant afforded Plaintiff all the process to which it was due.

6. Plaintiff's claims are barred in whole, or in part, because Defendants acted rationally and advanced reasonable and legitimate government interests—and was neither arbitrary nor capricious—when it denied Plaintiff's application.

7. Plaintiffs' tortious interference claim against Defendant Roda fails because it has not plead a binding contract for sale or a reasonable probability of a sale.

8. Plaintiffs' tortious interference claim against Roda fails because his actions were rational, justified, and legitimate.

9. At all times, Defendants acted in good faith and strictly observed all legal duties and obligations imposed by law.

10. Defendant Environmental Commission's decisions in this matter were authorized by law and supported by competent, material, and substantial evidence on the whole record.

11. Plaintiff may lack standing under state and/or federal law to advance one or more of the claims in its Complaint.

12. All actions complained of in Plaintiff's Complaint were absolutely or qualifiedly privileged under the Constitutions of Michigan and the United States.

13. Plaintiff's claims may be barred in whole, or in part, by governmental immunity.

14.     Plaintiff's claims may be barred by the applicable statute of limitations and/or the doctrine of laches.

15.     Plaintiff's claims may be barred in whole, or in part, by the doctrines of waiver and/or estoppel.

16.     Plaintiff's claims may be barred in whole, or in part, by the doctrine of laches.

17.     Plaintiff's claims may be barred in whole, or in part, by the doctrines of res judicata and/or collateral estoppel.

18.     Plaintiff has an adequate remedy as a matter of law.

19.     Plaintiff has either suffered no damages or failed to exercise reasonable diligence to mitigate its damages.

20.     Defendants reserve the right to supplement these affirmative defenses as necessitated by the discovery process.

**WHEREFORE**, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

Cummings, McClorey, Davis & Acho, PLC

By:     /s/ Jeffrey R. Clark
        Jeffrey R. Clark (P33074)
        Kevin J. Campbell (P66367)
        Shane R. Nolan (P78008)
        Attorneys for Defendant
        17436 College Parkway
        Livonia, Michigan 48152
        (734) 261-2400
        jclark@cmda-law.com
        kcampbell@cmda-law.com
Dated: December 22, 2022        snolan@cmda-law.com

{01715750-1 }

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

KALO FAMILY INVESTMENT
CO. IV, LLC, a Michigan limited liability
company,

      Plaintiff,

v.

CHARTER TOWNSHIP OF WEST
BLOOMFIELD,WEST BLOOMFIELD
ENVIRONMENTAL COMMISSION, and
JOHN RODA,

      Defendants.

Case No. 2022-197350-CE
Honorable Nanci J. Grant

_____/

| | |
|---|---|
| Lawrence P. Swistak (P24892) | Jeffrey R. Clark (P33074) |
| Daniel Landman (P35797) | Kevin J. Campbell (P66367) |
| Corey Grandmaison (P64392) | Shane R. Nolan (P78008) |
| Swistak Levine PC | Cummings McClorey Davis & Acho PLC |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 30833 Northwestern Hwy, Suite 120 | 17436 College Parkway |
| Farmington Hills, Michigan 48334 | Livonia, Michigan 48150 |
| (248) 851-8000 | (734) 261-2400 |
| lswistak@swistaklevine.com | kcampbell@cmda-law.com |

_____/

**DEFENDANTS' DEMAND FOR JURY TRIAL**

      Defendants, Charter Township of West Bloomfield, West Bloomfield Environmental

Commission, and John Roda ("Defendants"), through their counsel, Cummings McClorey Davis

& Acho PLC, hereby demand a trial by jury on all issues so triable.

                    Respectfully submitted,

                    Cummings, McClorey, Davis & Acho, PLC

                    By:    /s/ Jeffrey R. Clark
                            Jeffrey R. Clark (P33074)
                            Kevin J. Campbell (P66367)
                            Shane R. Nolan (P78008)

{01715750-1 }

Attorneys for Defendant
17436 College Parkway
Livonia, Michigan 48152
(734) 261-2400
jclark@cmda-law.com
kcampbell@cmda-law.com
snolan@cmda-law.com

Dated: December 22, 2022

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 22, 2022, a copy of the foregoing documents was filed with the Clerk of the Court via the Court's ECF System which will send electronic notification of such filing to all parties of record at their respective electronic mailing addresses as disclosed by the pleadings.

/s/ *Amy Sabolik*
Amy Sabolik, Legal Assistant

{01715750-1 }